# George W. Fitch, appellant, *vs.* Rufus Richardson, appellee.

### *Appeal from Muscatine.*

It is not proper to quash a *ne exeat*, to dissolve the injunction and to dismiss the bill upon the bill and answer, &c., where the equitable matter is not ripe for the action of the court.

The filing of an answer is the basis for a motion to set aside a writ of *ne exeat*, and no affidavit is necessary to predicate a motion for that purpose.

The District Courts make their own rules as to the form of motions.

WHICHER, for complainant.

This was a bill in chancery, having for its object the prohibition of the defendant from removing certain personal property mentioned therein from the county of Muscatine, where it is charged that the contract not to remove, was made, which property it is alledged, was mortgaged to plaintiff to secure the payment of a note of two hundred dollars, due in January, 1843. It also prays the writ of *ne exeat republica*, against the person of the defendant. Both writs were ordered in vacation, under the " act regulating the issuing of writs of ne exeat and injunctions," approved January 25, 1839. See laws of Iowa, page 350.

The answer admits the contract by which the defendant mortgaged the property and covenanted not to remove, as charged in the bill ; but denies his intention to remove. The case was heard in the court below on bill and answer. The decree was that the writ of *ne exeat* be quashed, the injunction dissolved and the bill dismissed. From this decree the plaintiff appeals to this court, and makes the following points :

1. The cause was prematurely heard in the court below.

2. There was no affidavit of defendant on which he could at any time predicate a motion to quash.

3. There was no motion in writing, filed nor served on plaintiff's attorney, to quash the writ or dissolve the injunction.

First, The note for the security of which the mortgage was given, was not due until the 15th January, 1843. The final decree from which this appeal is taken, was rendered in the court below, at the June term, 1842. The statute, Iowa laws, p. 352–57, provides that the court, in cases of this kind, shall hear and determine as in other suits in chancery, " if the matters alledged in the bill, be purely of an equitable character, and the *time for the performance of the duty or obligation of the defendant has expired, if not then the proceedings shall be stayed until it has expired.*" The statute reserves the right to the defendant to move to quash the writ at any time. The court then, before the time for the performance of the duty, could hear nothing in relation to the case, but a motion to quash. But no such motion was made. The record says the *cause coming on to be heard on bill and answer, &c.* This much only need be said on this point; and here the argument might close on the part of the plaintiff, but,

Secondly, It is insisted by the defendant that a decree of dissolution and a dismissal followed as a necessary consequence of an order to quash. These by no means follow. But no such motion was made : no affidavit on which to predicate such motion, was filed. The common oath appended to answers, is not such oath as is contemplated by law, there must be an affidavit aside from the answer. See 1 Ves., 91 ; 8 Ves., 597.

" The court acts on evidence of intention to go abroad, without regard to denial." 1 Smith's Chancery Practice, 581.

The rule that motions must be in writing, has been in force ever since courts of justice were established on the west side of the Mississippi. All motions not of course, are and ought to be, part of the record. Judge Irvin's rule 14, was that all motions of course shall be in writing filed with the clerk. The second rule of practice in force since the organization of Iowa Territory, is " that all motions shall be in writing signed by counsel and filed by the clerk among the papers in the cause to which they relate." If there was any dispensation of a motion in writing, it should be noticed in the record. In the absence of such motion in the record, the court will not presume there was a motion either to quash the writ or dissolve the injunction.

That the bill contains sufficient matter for both a writ of ne exeat and injunction. Vide laws of Iowa, p. 350, 1, 2; 2, Paige R. 606; 2 Wash., C. C. R., 130.

The defendant must be as positive as is required to hold to bail, 11 Ves., 54. Application for writ may be founded on defendant's answer, that supplying the place of an affidavit by plaintiff, 6 Ves., 95. "A general affidavit of belief of defendant's intention to quit the kingdom, is sufficient, without the circumstances upon which that belief is founded; but it is better to set forth the ground of belief." 1 Smith's Chancery Prac., 581, 5 Ves. 96.

Nor will a writ of ne exeat granted upon a declaration of facts as evidence of the intention to go abroad, be discharged upon the affidavit denying such intention. 1 Smith's Ch. Prac., 581. 8 Ves., 594.

PER CURIAM, MASON, CHIEF JUSTICE.—(Judge Williams was not on the bench when this case was argued and heard.)

The first objection raised here to the proceedings below is, that the cause was prematurely heard on bill and answer. This objection is confined to the proceedings in relation to the writ of *ne exeat*; for in relation to the injunction, the statute in confirmation of the previous law, expressly gives the right to move for a dissolution upon the filing of an answer. Laws of 1838-9, p. 353. The seventh section of the act in relation to *ne exeats* and injunctions, provides that " on the return of the writ of *ne exeat*, if the same shall have been duly served, the court shall proceed therein, as in other cases in chancery, if the matters alledged in said bill be purely of an equitable character, and the time of performance of the duty or obligation of the defendant has expired; if not, then the proceedings shall be stayed until it has expired. *But the court may nevertheless proceed to determine whether the said writ ought not to be quashed or set aside.*"

Had the proceedings in this case been *upon the merits* prior to the time for the performance of the duty or obligation, and had the objection been raised by the defendant, it would certainly have been available. On the return of a writ of *ne exeat*, if the matters charged in the bill are of an equitable character, the court is authorized to try and determine the whole matter in controversy without the intervention of a separate proceeding for that purpose. But as it would be unjust to the defendant to compel him to incur the trouble and expense of defending himself against a suit in chancery before the time when his liability arises in pursuance of his agreement, the statute declares that the proceedings

shall be stayed until the proper time shall arrive. This is an arrangement peculiarly for the defendant's benefit, for at the same time he may proceed to have the writ quashed or set aside, if the circumstances of the case will authorize such proceeding.

In the present case, the record states that the cause came on to be heard upon the bill answer replication and exhibits, but still the merits of the case were not tried. No valid objection can therefore be urged that the cause was prematurely heard. The injunction was dissolved as is usual where the answer denies the equity of the bill, and no steps are taken pursuant to the statute to rebut the allegations of the answer.

But the writ of *ne exeat* was quashed by the court. Perhaps it would have been more technically correct to have made the entry that the writ was *set aside*. That order would have been literally within the rules of chancery practice, if the proper case were made for it by the answer. See 2 Maddock's Chancery, 230, also laws of 1838-9, p. 352. There is however, no substantial error in the record in this respect, which would authorize the interposition of this court.

The second objection that there was no affidavit of defendant on which he could at any time predicate a motion to quash, has been sufficiently answered by what has already been said. The filing of the answer is the basis for the motion to set aside the writ.

The third objection that there was no written notice filed, is one which cannot be noticed by this court, that being a subject over which the District Courts have supreme control. They make their own rules and must enforce them in their own way.

The decree of the District Court in this matter, will therefore be affirmed.